# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BJORN ERIK HAAPANIEMI, | Case No. 1:23-cv-00635-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| ARIZA, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

On April 25, 2023, Petitioner, who at the time was housed at the Federal Correctional Institution in Mendota, California, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his District of Alaska convictions. (ECF No. 1.) That same day, the Court authorized in forma pauperis status. (ECF No. 4.) On July 25, 2023, the Court vacated Petitioner's in forma pauperis status and ordered that within thirty days of the date of service of the order, Petitioner was to pay the $5.00 filing fee. (ECF No. 7.) Petitioner did not pay the filing fee, and on September 25, 2023, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to obey a court order and for failure to pay the filing fee.

1   (ECF No. 10.) On October 3, 2023, a court order mailed to Petitioner was returned as

2   undeliverable because Petitioner was no longer at the address on file with the Court. To date,

3   Petitioner has not responded to the order to show cause and has not paid the filing fee or

4   otherwise informed the Court that he continues to encounter difficulties at his institution with

5   respect to effecting payment of the filing fee.

6       On November 20, 2023, Respondent filed a motion to dismiss the petition for lack of

7   jurisdiction. (ECF No. 11.) To date, no opposition or statement of non-opposition has been filed,

8   and the time for doing so has passed.

9                **II.**

10             **DISCUSSION**

11   **A.  Jurisdiction Under 28 U.S.C. § 2241**

12       A federal prisoner who wishes to challenge the validity or constitutionality of his federal

13   conviction or sentence must do so by moving the court that imposed the sentence to vacate, set

14   aside, or correct the sentence under 28 U.S.C. § 2255. <u>Alaimalo v. United States</u>, 645 F.3d 1042,

15   1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive

16   means by which a federal prisoner may test the legality of his detention, and that restrictions on

17   the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C.

18   § 2241." <u>Stephens v. Herrera</u>, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

19       Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal

20   prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255

21   to be "inadequate or ineffective to test the validity of his detention." <u>Alaimalo</u>, 645 F.3d at 1047

22   (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); <u>Harrison v. Ollison</u>, 519 F.3d

23   952, 956 (9th Cir. 2008); <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864–65 (9th Cir. 2000) (per

24   curiam). The Ninth Circuit has recognized that it is a very narrow exception. <u>See</u> <u>Ivy v. Pontesso</u>,

25   328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed

26   inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy

27   under § 2255 is procedurally barred. <u>Id.</u> The burden is on the petitioner to show that the remedy

28   is inadequate or ineffective. <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the United States District Court for the District of Alaska as the sentencing court.

A petitioner may proceed under § 2241 pursuant to the escape hatch when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 escape hatch is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id. "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision. In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (citations omitted)).

Here, Petitioner has not demonstrated that he did not have an unobstructed procedural shot at presenting his actual innocence claims. There is no indication that the legal basis for Petitioner's actual innocence claims "did not arise until after he had exhausted his direct appeal and first § 2255 motion," Ivy, 328 F.3d at 1061, or that there was any "*change* in the law creating a previously unavailable legal basis for petitioner's claim," Harrison, 519 F.3d at 961. Based on the foregoing, the Court finds that Petitioner has not established that he "never had an 'unobstructed procedural shot' at presenting this claim." Ivy, 328 F.3d at 1060. "[F]or

Petitioner's claim to be a legitimate § 2241 petition, he must satisfy both . . . requirements." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012). As Petitioner has failed to establish that he never had an unobstructed procedural shot at presenting his actual innocence claim, Petitioner cannot proceed under the escape hatch.[1] Accordingly, this Court lacks jurisdiction over the petition, and the petition should be dismissed.[2]

### III.

### RECOMMENDATION & ORDER

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 11) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file

---

[1] In light of this conclusion, the Court declines to address whether Petitioner has presented a cognizable claim of actual innocence for purposes of qualifying for the escape hatch.

[2] The Court also notes that dismissal is warranted pursuant to Federal Rule of Civil Procedure 41(b), which provides that a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. Here, Petitioner has failed comply with the Court's orders to pay the filing fee and to show cause why the petition should not be dismissed. Further, it is Petitioner's responsibility to keep the Court apprised of his current address at all times. See Local Rule 183(b). Absent notice of a party's change of address, service of documents at the prior address of the party is fully effective. Local Rule 182(f). Furthermore, if mail directed to a pro se petitioner is returned by the U.S. Postal Service, and if the petitioner fails to notify the court within sixty-three days thereafter of a current address, the court may dismiss the action without prejudice for failure to prosecute. Local Rule 183(b). Petitioner has not notified the Court of his current address. It has been over sixty-three days since mail was returned by the U.S. Postal Service as undeliverable.

objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 5, 2024**

_____
UNITED STATES MAGISTRATE JUDGE