# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BJORN ERIK HAAPANIEMI,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ARIZA,<br><br>　　　　Respondent. | Case No. 1:23-cv-00635-SAB-HC<br><br>ORDER VACATING FEBRUARY 5, 2024 FINDINGS AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(ECF Nos. 11, 15) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 5, 2024, the Court issued findings and recommendation recommending Respondent's motion to dismiss be granted and the petition be dismissed for lack of jurisdiction. (ECF No. 15.) The parties have now consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 17.) Accordingly, the Court vacates the February 5, 2024 findings and recommendation and issues this order granting Respondent's motion to dismiss for the reasons set forth in the February 5, 2024 findings and recommendation.

## I.

## BACKGROUND

On April 25, 2023, Petitioner, who at the time was housed at the Federal Correctional Institution in Mendota, California, filed a petition for writ of habeas corpus pursuant to 28 U.S.C.

1 § 2241 challenging his District of Alaska convictions. (ECF No. 1.) That same day, the Court 2 authorized in forma pauperis status. (ECF No. 4.) On July 25, 2023, the Court vacated 3 Petitioner's in forma pauperis status and ordered that within thirty days of the date of service of 4 the order, Petitioner was to pay the $5.00 filing fee. (ECF No. 7.) Petitioner did not pay the filing 5 fee, and on September 25, 2023, the Court ordered Petitioner to show cause why the petition 6 should not be dismissed for failure to obey a court order and for failure to pay the filing fee. 7 (ECF No. 10.) On October 3, 2023, a court order mailed to Petitioner was returned as 8 undeliverable because Petitioner was no longer at the address on file with the Court. To date, 9 Petitioner has not responded to the order to show cause and has not paid the filing fee or 10 otherwise informed the Court that he continues to encounter difficulties at his institution with 11 respect to effecting payment of the filing fee.

12 On November 20, 2023, Respondent filed a motion to dismiss the petition for lack of 13 jurisdiction. (ECF No. 11.) To date, no opposition or statement of non-opposition has been filed, 14 and the time for doing so has passed.

## II.

## DISCUSSION

### A. Jurisdiction Under 28 U.S.C. § 2241

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d

952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the United States District Court for the District of Alaska as the sentencing court.

A petitioner may proceed under § 2241 pursuant to the escape hatch when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 escape hatch is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id. "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision. In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (citations omitted)).

///

1    Here, Petitioner has not demonstrated that he did not have an unobstructed procedural
2 shot at presenting his actual innocence claims. There is no indication that the legal basis for
3 Petitioner's actual innocence claims "did not arise until after he had exhausted his direct appeal
4 and first § 2255 motion," Ivy, 328 F.3d at 1061, or that there was any "change in the law creating
5 a previously unavailable legal basis for petitioner's claim," Harrison, 519 F.3d at 961. Based on
6 the foregoing, the Court finds that Petitioner has not established that he "never had an
7 'unobstructed procedural shot' at presenting this claim." Ivy, 328 F.3d at 1060. "[F]or
8 Petitioner's claim to be a legitimate § 2241 petition, he must satisfy both . . . requirements."
9 Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012). As Petitioner has failed to establish that he
10 never had an unobstructed procedural shot at presenting his actual innocence claim, Petitioner
11 cannot proceed under the escape hatch.[1] Accordingly, this Court lacks jurisdiction over the
12 petition, and the petition should be dismissed.[2]

### B. Certificate of Appealability

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability ("COA") should issue. See Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a COA."). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the

---

[1] In light of this conclusion, the Court declines to address whether Petitioner has presented a cognizable claim of actual innocence for purposes of qualifying for the escape hatch.

[2] The Court also notes that dismissal is warranted pursuant to Federal Rule of Civil Procedure 41(b), which provides that a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. Here, Petitioner has failed comply with the Court's orders to pay the filing fee and to show cause why the petition should not be dismissed. Further, it is Petitioner's responsibility to keep the Court apprised of his current address at all times. See Local Rule 183(b). Absent notice of a party's change of address, service of documents at the prior address of the party is fully effective. Local Rule 182(f). If mail directed to a pro se petitioner is returned by the U.S. Postal Service, and if the petitioner fails to notify the court within sixty-three days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute. Local Rule 183(b). Petitioner has not notified the Court of his current address. It has been over sixty-three days since mail was returned by the U.S. Postal Service as undeliverable.

denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

### III.

### ORDER

Accordingly, the Court HEREBY ORDERS that:

1. The findings and recommendation issued on February 5, 2024 (ECF No. 15) is VACATED;
2. Respondent's motion to dismiss (ECF No. 11) is GRANTED;
3. The petition for writ of habeas corpus is DISMISSED;
4. The Clerk of Court is DIRECTED to CLOSE the case; and
5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **February 16, 2024**

UNITED STATES MAGISTRATE JUDGE